IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| SYDNEY L. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 05-2544MlV |
| | ) |
| NORMAN Y. MINETA, Secretary of | ) |
| Department of Transportation, | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER GRANTING IN PART THE DEFENDANT'S MOTION TO COMPEL AND
DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28
U.S.C. § 1927
and
ORDER DENYING THE PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

_____

Before the court is the February 17, 2006 motion of the defendant, Norman Y. Mineta, the Secretary of Transportation, to compel the plaintiff, Sydney L. Graham, to respond fully and completely to Interrogatory Nos. 1, 3, 8, and 9 of the defendant's First Set of Interrogatories and Request Nos. 1 and 11 of the defendant's First Set of Requests for Production of Documents. The plaintiff has filed a response opposing the motion to compel. Included in his response is a motion to impose sanctions pursuant to 28 U.S.C. § 1927 personally on Harriett Halmon, the Assistant United States Attorney representing the defendant in this case, for filing the motion to compel.

Also before the court is the February 21, 2006 motion of the

plaintiff for a protective order requiring the defendant to conduct his deposition in Atlanta, Georgia instead of Memphis, Tennessee on March 1, 2006, as noticed by the defendant.

Both motions were referred to the United States Magistrate Judge for determination. For the reasons that follow, the defendant's motion to compel is granted in part, the plaintiff's motion for sanctions is denied, and the plaintiff's motion for a protective order is denied.

PROCEDURAL AND FACTUAL BACKGROUND

The plaintiff, Sydney Graham, an air traffic controller for the United States Department of Transportation in Jacksonville, Florida, Federal Aviation Administration, filed this lawsuit on March 16, 2005, in the Northern District of Georgia alleging employment discrimination on the basis of race. Graham transferred to the Memphis Air Traffic Control facility in September of 2001. He was required to be certified as an air traffic controller in Memphis. When he failed the certification process, Graham returned to Jacksonville, Florida, where he is currently employed. Graham alleges that he was discriminated against on the basis of race during the certification training process and through the denial of further training opportunities.

The defendant filed a motion to dismiss or, in the alternative, for change of venue to the Western District of

2

Tennessee. On July 28, 2005, U.S. District Judge William Duffey, Jr., for the Northern District of Georgia, granted the motion to change venue and ordered the case transferred to the Western District of Tennessee for all proceedings.

### THE DEFENDANT'S MOTION TO COMPEL
### AND GRAHAM'S MOTION FOR SANCTIONS

According to the scheduling order in this case, all discovery is to be completed by March 15, 2006. On December 16, 2005, the defendant submitted interrogatories and requests for production of documents to Graham. Graham filed initial responses on January 18, 2006. Finding the initial responses to be insufficient, the defendant filed the present motion to compel. Defense counsel's letter attached to the motion indicated that she attempted to resolve the discovery disputes with Graham's counsel prior to filing the motion to compel.

In his response to the motion, Graham states that he fully intended to supplement the initial responses once he and his counsel had an opportunity to confer, and that he conveyed this to defense counsel but she insisted on filing the motion to compel because she mistakenly believed that she was required to file motions to compel within thirty days.[1] Graham served supplemental

---

[1] The scheduling order provides that "Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response,

3

responses to the defendant's first set of interrogatories on February 15, 2006, two days before the motion to compel was filed but before the defendant had received the supplemental responses in the mail. In his supplemental responses, the Graham still failed to provide any substantive answers to Interrogatory Nos. 1, 3, and 8 but merely renewed his same objections. Graham did, however, answer more fully Interrogatory No. 9, and therefore the motion to compel is denied as moot as to Interrogatory No. 9. Graham has not supplemented his responses to the defendant's first set of requests for production of documents.

Interrogatory No. 1 seeks information about Graham's medical treatment since January of 2001. Document Request No. 1 seeks medical records. Graham objected to this interrogatory and this document request as overly broad and unduly burdensome. Interrogatory No. 3 seeks an itemization of the damages Graham claims he has sustained. Document Request No. 11 seeks all documents supporting Graham's claim for damages. Graham also

---

answer, or objection, which is the subject of the motion . . . ." This language has caused some confusion. It is intended to require the parties to file motions to compel by the discovery deadline. The only exception is when the discovery response which gives rise to the motion to compel is received within thirty days of the discovery deadline, then the moving party has thirty days from that date to file a motion to compel. In no event is a motion to compel allowed to be filed later than thirty days after the discovery deadline.

objected to this interrogatory and document request as overly broad and unduly burdensome and asserts this is privileged information. Interrogatory No. 8 seeks information regarding any misdemeanor or felony convictions. Graham also objected to this interrogatory as overly broad and unduly burdensome and irrelevant.

After review of the interrogatories and Graham's objections, the court finds that the information sought in Interrogatory Nos. 1, 3, and 8 and Request Nos. 1 and 11 are relevant and reasonably calculated to lead to admissible information, not privileged, and that the discovery requests are not overly broad or unduly burdensome. The defendant is entitled to information and medical records since 2001 because Graham has claimed physical, mental and emotional distress as a result of the alleged discrimination. The defendant is also entitled to an itemization of damages claimed and supporting documents. Graham's criminal history of convictions is relevant for impeachment purposes. Accordingly, Graham's objections are overruled, and the defendant's motion to compel is granted as to Interrogatory Nos. 1, 3, and 8 and Request Nos. 1 and 11. Graham is required to serve full and complete responses on the defendant within five days (5) of the date of this order.

Because the court finds that defense counsel has not acted willfully or in bad faith or vexatiously delayed or multiplied these proceedings, sanctions against defense counsel are not

5

warranted under 28 U.S.C. § 1927. Accordingly, Graham's motion for sanctions is denied.

### GRAHAM'S MOTION FOR A PROTECTIVE ORDER

The defendant has duly noticed Graham's deposition for Wednesday, March 1, 2006, in Memphis, Tennessee. Graham seeks an order from this court requiring that his deposition be conducted in Atlanta, Georgia, where his attorney resides and where he initially filed this action instead of Memphis, Tennessee.

As a general rule, depositions of plaintiffs are to be taken in the forum where the lawsuit is pending. *Sonitrol Distributing Corp. v. Security Controls, Inc.*, 113 F.R.D. 160 (E.D. Mich. 1986). The reason is that the plaintiff by choosing the forum has agreed to submit to the forum. In this case, Graham did not choose the Western District of Tennessee. Instead, he initially filed his lawsuit in Atlanta but Judge Duffey determined that the Western District of Tennessee was the proper forum. The defendant should not be required to take Graham's deposition in Atlanta simply because Graham chose an improper forum in which to file his complaint.

In addition to the general rule stated above, the examining attorney is normally allowed to pick the deposition site. A protective order is warranted if the deponent can show undue burden or expense. FED. R. CIV. P. 26(c). In this case, Graham is not a

resident of Atlanta but resides in Jacksonville, Florida. Regardless of whether the deposition is taken in Atlanta or Memphis, Graham will have to incur travel time and costs. The alleged discriminatory acts occurred in this district while Graham was employed here, all the witnesses reside here, and the case will be tried here. The defense counsel's office is in this district as well as her files and records. Considering the convenience of the parties and counsel and the expense, the court finds no basis to grant a protective order directing that Graham be deposed in Atlanta. The motion for protective order is therefore denied. Graham shall be deposed in Memphis, Tennessee, on or before March 15, 2006, at a mutually convenient time and date to be agreed upon by counsel.

    IT IS SO ORDERED this 1st day of March, 2006.

    s/ Diane K. Vescovo
    UNITED STATES MAGISTRATE JUDGE